USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
WINSTON HILTON,

                Petitioner,

   -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------- x

**ORDER DENYING APPOINTMENT OF COUNSEL AND REGULATING PROCEEDINGS**

08 Civ. 1195 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Petitioner Winston Hilton, appearing pro se, has made an application for appointment of counsel, dated April 18, 2008. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). In light of the decisions of the Second Circuit in Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), I deny the application.

    The threshold question in determining whether to assign counsel to an indigent is "whether the indigent's position [is] likely to be of substance." Cooper, 877 F.2d at 172. If an indigent's position is found likely to be of substance, additional factors are to be considered with respect to whether counsel should be appointed. Those factors include "[the indigent's] ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Id.; see also Hodge, 802 F.2d at 61–62.

    Volunteer time of lawyers is a scarce resource that should be carefully allocated. Cooper, 877 F.2d at 172. "[C]ourts should not grant such applications indiscriminately." Id. At this point in the proceedings, Petitioner has not shown that his position is "likely to be of

1

2

substance," nor the existence of other factors that would satisfy the standard for appointment of counsel. Id. He has not shown that he would be unable to obtain counsel independently, or that this case requires factual investigation, the parsing of complex legal issues, or expertly conducted cross-examination.

A more fully developed record is needed before I can determine if Petitioner's chances of success and the existence of other appropriate factors warrant the appointment of counsel. Therefore, Petitioner's application is denied without prejudice to its renewal when the record is more fully developed.

Petitioner is further granted until June 13, 2008 to reply to the Government's opposition to his motion for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255.

SO ORDERED.

Dated:    May 2, 2008
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge