```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
WINSTON HILTON,                          :
                                         :     ORDER DISMISSING
                       Petitioner,       :     PETITION FOR WRIT OF
                                         :     HABEAS CORPUS
       -against-                         :
                                         :     08 Civ. 1195 (AKH)
UNITED STATES OF AMERICA,                :
                                         :
                       Respondent.       :
                                         :
------------------------------------------------------------- x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Petitioner Winston Hilton, currently an inmate at Reeves County Detention Center in Pecos, Texas, brings this petition for habeas corpus pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence imposed by order of this Court. On September 9, 2002, after a jury trial and a verdict of guilty of conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846, petitioner was sentenced to a prison term of 120 months, and five years supervised release. Petitioner challenges his sentence claiming that: (1) he received ineffective assistance of counsel, (2) there was insufficient evidence to convict him of the indicted charges, (3) he should not have been sentenced to a mandatory minimum sentence, (4) he should have received a minor role sentence reduction, (5) my comments at trial conveyed a bias against him, (6) there was insufficient evidence against him, (a repetition of the second claim), and miscellaneous other claims. The petition is denied.

**Background**

Petitioner's arrest grew out of a drug conspiracy that transported over 1000 kilograms of marijuana from California, for resale in New York between 1997-2000. The marijuana had been imported into New York primarily through the use of tractor-trailers by Derrick Irving and other co-conspirators, and sold from petitioner's apartment on 115 West 141st Street New York. Evidence at trial showed a close relationship between Derrick Irving and petitioner; specifically, petitioner was one of Irving's trusted retailers, and assisted him in replenishing his depleted supply of marijuana.

On June 7, 2000, at the conclusion of a five-month DEA investigation, petitioner was arrested along with other of the co-conspirators, and on July 24, 2001, indicted with the others of possessing with intent to distribute more than 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846.

**Prior Proceedings and Procedural History**

Petitioner's jury trial commenced on January 9, 2002. On February 15, 2002, the jury convicted petitioner of the crime charged. On September 9, 2002, I sentenced petitioner to the mandatory minimum required under 21 U.S.C. § 841(b)(1)(A) of 120 months incarceration, and 5 years supervised release.

On September 17, 2002, petitioner filed a notice of appeal to the United States Court of Appeals for the Second Circuit. On November 22, 2006, the appeal was denied and the conviction was affirmed. United States v. Robinson, 206 Fed. Appx. 80 (2d Cir. 2006).

On July 30, 2007, I received a letter from petitioner which I construed as partially a motion to vacate his sentence through the writ of habeas corpus. I denied the motion on the ground that he had not stated any reason why his incarceration was in violation of the

2

Constitution or the laws of United States, and he had not named a respondent. <u>Hilton v. United States</u>, No. 00 Cr. 678 (AKH), 2007 WL 2213417 at *1 (S.D.N.Y. Aug. 1, 2007).

Petitioner now properly files, pro se, for a writ of habeas corpus under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.

**Discussion**

Although petitioner may seek a writ of habeas corpus for Constitutional error, <u>see</u> 28 U.S.C. § 2255, petitioner may not raise claims that were litigated on direct appeal, or could have been litigated on direct appeal. <u>United States v. Sanin</u>, 252 F.3d 79, 83 (2d Cir. 2001). With small exception, petitioner's habeas corpus writ must be dismissed on that ground alone.

A. **Petitioner's Ineffective Assistance of Counsel Claim**

    1. **Petitioner's Claim That Counsel Did Not Inform Him of the Severity of the Charges, and That He Would Have Pled Guilty Had He Been Properly Advised**

Petitioner claims that he was denied his Sixth Amendment rights to an effective assistance of counsel for the following reasons: 1) trial counsel, Ellyn Bank, did not advise him of the gravity of the conspiracy charge, that it involved a conspiracy of 1000 kilograms of marijuana and carried a mandatory minimum ten year sentence. Petitioner contends that if counsel would have made him aware of the severity of this charge, he would have pled guilty; and 2) trial counsel did not make a motion to suppress the evidence, or recommend that it be chemically analyzed; instead she relied on the government's good faith.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must establish that 1) the counsel's performance was deficient and "fell below an objective standard of reasonableness," and 2) that petitioner was prejudiced by the deficient performance, with a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

3

would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984).  In claiming that he would have pled guilty but for counsel's deficient performance, petitioner must show that if he had received the proper advice from counsel, he would have pled guilty and ultimately received a lesser sentence. See, e.g., Bicaksiz v. United States, 234 F.Supp.2d 202, 204 (E.D.N.Y. 2002) ("To establish prejudice, the defendant must establish a reasonable probability that, if he had been given complete and accurate information, he would have pled guilty instead of going to trial."); Aeid v. Bennett, 296 F.3d 58, 63-64 (2d Cir. 2002).[1]

I consider Strickland's second prong first.  See, Strickland, 466 U.S. at 697.  ("[I]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.").  Petitioner fails Strickland's second prong, for he cannot show that but for the alleged error of counsel, he would have received a lesser sentence below the mandatory minimum.  Petitioner does not claim, let alone provide evidence, that a plea bargain was in fact offered to him that would have made him eligible for a reduced sentence below the mandatory minimum. See Gluzman v. United States, 124 F.Supp.2d 171, 177-178 (S.D.N.Y. 2000) (citing Johnson v. Duckworth, 793, F.2d 898, 902 n.3 (7th Cir. 1986)) ("[C]ourts have been skeptical of accepting a defendant's self-serving, post-conviction statements that he would have pleaded guilty if properly advised of the consequences by his attorney.").  There is no basis to believe that petitioner would have accepted an offer to plead guilty, especially considering his continuous assertions, up to the day of his sentencing, that he was not guilty of conspiracy for the 1000 kilograms.  He could not have received less than a minimum mandatory sentence unless

---

[1] See also Garcia v. United States, No. CV-03-4953 (CPS), 2006 U.S. Dist. LEXIS 48353 at * 21-22 (E.D.N.Y. July 17, 2006) ("When a petitioner alleges that ineffectiveness of counsel resulted in petitioner's refusing a plea offer, under the second prong of Strickland, he 'must demonstrate a reasonable probability that but for Counsel's errors in considering or explaining a plea offer, he would have accepted the prosecutor's offer.'") (citing Aeid v. Bennet, 296 F.3d 58, 63 (2d Cir. 2002)).

he would have been accepted by the government as a cooperator, or shown that he could not reasonably have foreseen that some of the conspirators possessed firearms, and he cannot prove either.[2]  See Gaines v. United States, No. 03-CV-430S, 2006 U.S. Dist. LEXIS 55261, at *11-12 (W.D.N.Y. Aug. 7, 2006) ("A district court is only authorized to sentence a defendant below the statutory minimum upon a motion by the Government pursuant to 18 U.S.C. § 3553(e), or where defendant meets the criteria for the 'safety valve' under 18 U.S.C. § 3553(f).") (finding no prejudice under Strickland where petitioner could not have been sentenced below the mandatory minimum.).  Petitioner fails to show any prejudice as a result of counsel's alleged error.  Accordingly, this claim is denied.

### 2. Petitioner's Claim that Counsel Did Not Make a Motion to Suppress the Evidence and Relied on the Government's Good Faith

Petitioner claims his counsel was ineffective because trial counsel failed to make a motion to suppress the evidence, withdrew a discovery motion without consulting petitioner,[3] and did not "recommend[] the actual [sic] chemical analysis in the case that petitioner was face[d] with in the amount of 2200 pounds." (Ptr.'s Reply Br. 10).

Counsel's failure to make a motion to suppress evidence does not automatically constitute ineffective assistance of counsel.  Petitioner's right to effective assistance of counsel "does not require counsel to make a suppression motion in every case. . . . The Second Circuit specifically stated, 'we are understandably reluctant to require defense counsel routinely to file boilerplate motions merely to vindicate their professional competence without regard for the grounds supporting such motions'" Washington v. United States, No. 3:04CV504 (AHN), 2006 U.S. Dist. LEXIS 22817 at *13-14 (D. Conn. Mar. 15, 2006) (citing United States v.

---

[2] Although another co-conspirator, Barrington Irving, did receive a Safety Valve and was sentenced below the mandatory minimum, he was significantly less culpable than petitioner, and there were other significant differences.
[3] Petitioner failed to attend the scheduled hearing in which counsel withdrew the motion.

DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987)). Instead, in order to show ineffective assistance of counsel for failure to make a suppression motion, "the underlying motion must be shown to be meritorious, and there must be reasonable probability that the verdict would have been different if the evidence had been suppressed." Id. (citing Kimmelman v. Morrison, 477 U.S. 365, 375-376 (1986)). This rule in based on the requirement to show prejudice under Strickland's second prong.

Here, there is no "reasonable probability" that the verdict would be different had counsel undertaken petitioner's proposed motions, neither regarding the motion to suppress nor regarding the lack of further discovery and chemical analysis.

Petitioner claims that counsel should have made a motion to suppress the evidence found in his apartment, the suitcase of marijuana and the drug ledger, because they were seized without a search warrant. In order to prevail on this claim, petitioner must surmount three hurdles: he must show the failure to raise the motion was objectively unreasonable under the circumstances, that his suppression claim would in fact have been meritorious, and that there is a reasonable probability that the excluded evidence would have changed the outcome of the trial. See Kimmelman, 477 U.S. at 375-376. His claim was not raised at trial; it is made here for the first time. The mere fact that police did not have a search warrant is not a per se bar to seizing contraband. The police were executing an arrest warrant for petitioner, and had the right to search and secure themselves in petitioner's apartment and surroundings. The marijuana and ledger were in plain view. See, e.g., United States v. Hernandez, 738 F.Supp. 779, 783 (S.D.N.Y. 1990) (denying motion to suppress evidence seized in an apartment following an arrest, without a search warrant). Since petitioner does not present any specific reasons, let alone any evidence why the evidence should have been suppressed, he cannot show that his claim

6

would have succeeded on the merits.  See DiTommaso, 817 F.2d at 215.) ("[D]efendant's generalized assertion that suppression motion should have been filed on his behalf is insufficient to prove that it would have been viable and therefore that trial counsel's performance fell below constitutional norms."); Polanco v. United States, No. 99 Civ. 5739 (CSH), 2000 U.S. Dist. LEXIS 10788 at *31 (S.D.N.Y. Aug. 3, 2000) ("Such wholesale and vague accusations are patently insufficient to meet the Strickland standard.").

A second flaw in petitioner's claim is that he cannot show prejudice. He fails to show that the verdict would have been different if counsel had made a motion to suppress and that motion would have been granted.  There was other evidence presented at trial that was sufficient to support petitioner's guilty verdict aside from the disputed evidence of the ledger and suitcase of marijuana.  The government produced numerous incriminating telephone calls which showed petitioner's involvement in the conspiracy, as well as a witness' testimony that testified to petitioner's role in the organization.  Therefore, even if the disputed evidence would have been suppressed, petitioner cannot show that the outcome of the trial would have been any different. Thus, petitioner fails to show that he was prejudiced as a result of counsel's alleged error.

Petitioner's final claim that counsel erroneously withdrew a discovery motion is also without merit. The motion had no chance of success.  If it had been supported by a perjurous affidavit from petitioner, it could have led to an obstruction of justice adjustment and a higher sentence.

Accordingly, petitioner's claim that he received an ineffective assistance of counsel, is denied.

### B. Petitioner's Insufficient Evidence Claim[4]

---

[4] Petitioner raises this point twice in his habeas petition; both as ground II and as ground VI.  Because both grounds present essentially the same argument, it will be discussed only once.

Petitioner claims that the evidence presented at trial was insufficient to support his conviction. He claims that there was not sufficient evidence to prove beyond a reasonable doubt each element of the charges against him; specifically, that he knowingly and intentionally was involved in the conspiracy to transport over 1000 kilograms of marijuana.

Petitioner has already raised this claim in his first appeal (Petr.'s Appellate Br. 27, Point III); therefore, this court is procedurally barred from adjudicating this claim. See U.S. v. Sanin, 252 F.3d 79, 83 (2d. Cir. 2001) (quoting Cabrera v. United States, 972, F.2d 23, 25 (2d Cir. 1992)) ("It is well established that a §2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.").

Accordingly, this claim is denied.

**C. Petitioner's Claim That He Should Not Have Been Sentenced to the Mandatory Minimum Sentence**

Petitioner claims that I erred in sentencing him to a mandatory minimum sentence of ten years, pursuant to 21 U.S.C. § 841(b)(1)(A), because he did not meet the criteria to fall within the confines of this statue. Specifically, he claims that he was not accountable for the quantity of 1000 kilograms of marijuana. Furthermore, petitioner argues, the statute is unconstitutional because Congress does not have the authority to impose mandatory sentences; this he claims, is a violation of the principle of the separation of powers.

To the extent that petitioner challenges the evidence presented to impose the minimum mandatory sentence, the claim is moot and procedurally waived by his appeal. Since there was sufficient evidence to find petitioner guilty of violating the statue, he is automatically subject to the mandatory sentence that the statute requires.

Petitioner's claim that the mandatory minimum sentence is unconstitutional because it violates the separation of powers doctrine is similarly meritless. It is now well established that

8

"Congress [h]as the [p]ower to [e]nact [m]andatory [m]inimums." United States v. Polizzi, 549 F.Supp.2d 308, 400-401 (E.D.N.Y. 2008) (citing cases).

Accordingly, petitioner's claim that he was erroneously sentenced to the mandatory minimum sentence of ten years is denied.

### D. Petitioner's Claim That He was Entitled to a Sentence Reduction for a Minor Role Under U.S.S.G. § 3B1.2

Petitioner claims that he should have been entitled to a minor role reduction. This claim has already been raised on petitioner's first appeal (Petr.'s Appellate Br. 36, Point V); it is therefore moot. See Sanin, 252 F.3d at 83.

Accordingly, this claim is denied.

### E. Petitioner's Claim That My Comments During Trial Conveyed a Bias Against Petitioner

Petitioner claims that comments I made during a recess in his lawyer's summation gave an impression to the jury that petitioner was guilty. This claim is also without merit; it was raised and decided on petitioner's first appeal. (Petr.'s Appellate Br. 20, Point I). The Second Circuit Court of Appeals specifically rejected this claim. See Robison, 206 Fed. Appx. at 83. ("Hilton contends that his conviction should be vacated by reason of Judge Hellerstein's criticism of his counsel's summation. We reject this claim."); see also id. ("The district court did not err in instructing the jury on how to find constructive possession.").

Accordingly, this claim is denied.

### F. Petitioner's Miscellaneous Arguments

Petitioner raises several additional arguments throughout his approximately sixty page pro se petition. Though some of these arguments are not clearly stated as individual point headings and are mentioned sporadically throughout the petition, I will nevertheless address any

9

possible claims that were not raised in his first appeal.  See Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 83 F.3d 75, 79 (2d Cir. 1996)) ("Pro se litigants are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'").

Petitioner's seventh claim for relief states as follows:

> The appeal court[sic] should have had access to review[sic] the entire case at bar against the petitioner and maybe upon examining for unfairness or the insufficiently evidence as the jury verdict at trial for the amount against this defendant's part as to such time period, then maybe it would have granted the defendant[sic] a new trial or a reduction in his sentence for his role in the count one of this indictment the totality of the 1000 kilograms or more of marijuana weight.

(Petr.'s Br. 8). I construe this claim either as a collateral attack on the Appellate Court's decision, or a collateral attack on this Court challenging the sufficiency of the evidence.  To the extent that petitioner attacks the holding of the Court of Appeals, this Court is procedurally barred from reviewing a decision of a higher court.  To the extent that petitioner challenges the sufficiency of the evidence presented in this Court, that claim has already been denied in section B *supra*. Accordingly, Ground Seven of petitioner's claim is denied.

Petitioner claims that he was denied his Fourteenth Amendment right to a fair trial when the government destroyed thirty seven boxes of drugs which could have been used as evidence at trial.  Petitioner concedes that in order to find the destruction of evidence a constitutional violation, he must show the government acted in bad faith.  See Arizona v. Youngblood, 488 U.S. 51, 58 (1989) ("We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.").  Nevertheless, he argues that the government "did not offer[sic] no reasonable rationale or good faith [sic] explanation for the destruction of the evidence."  Under the Youngblood, the government does not have to provide a reason for destroying the evidence;

rather, petitioner bears the burden of proving that the government acted in bad faith, or that the destroyed evidence possessed an exculpatory value. Petitioner failed to demonstrate either of these criteria. Accordingly, this claim is denied.

Finally, petitioner claims that his sentence of ten years incarceration amounts to cruel and unusual punishment, in violation of the Eighth Amendment. This claim is meritless as "[i]t is well settled that a sentence imposed within the limits of a statute cannot amount to cruel and unusual punishment, and that when a statute provides for punishment thought to be violative of the amendment the constitutionality of the statute itself must be attacked." United States v. Dawson, 400 F.2d 194, 200 (2d Cir. 1968). Petitioner's only attack on the statute has already been discussed above, and found to be without merit. Since petitioner was sentenced in accordance with the statute 21 U.S.C. § 841(b)(1)(A) and 846, this claim is denied.

## Conclusion

The petition for a writ of habeas corpus is denied. I deny a certificate of appealability, for there has been no substantial showing of the denial of a constitutional right. Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).

The Clerk shall mark the case closed.

SO ORDERED.

Dated: New York, New York
July 3/, 2008

ALVIN K. HELLERSTEIN
United States District Judge

11